

**Kenneth A. Sansone**, PARTNER
**Direct: (415) 625-1733**
**Main: (415) 348-8300**
**ksansone@slenvironment.com**

March 14, 2025
Maria R. Hamilton, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:    *State of New Hampshire v. 3M Company*, No. 23-1362
             Date of Oral Argument:  October 2, 2023

Dear Madam Clerk:

      The divided Fourth Circuit panel in *Maryland v. 3M Co.*, Nos. 24-1218, 24-1270 (4th Cir. Mar. 7, 2025), badly misapplied both its own precedent and this Court's decision in *Puerto Rico v. Express Scripts, Inc.*, 119 F.3d 174 (1st Cir. 2024), in premising federal officer jurisdiction on the theory that "3M's Military AFFF production is inextricably related to the States' general allegations of PFAS contamination, notwithstanding their attempts to draw a line between 3M's federal and non-federal work." Slip op. at 20. Though *Express Scripts* holds that "[a] disclaimer that requires a state court to determine the nexus between the charged conduct and federal authority is not a valid means of precluding removal," 119 F.3d at 118, there is no such "nexus" here because, unlike the defendant there, 3M has never claimed <u>any</u> connection between the "charged conduct"—its manufacture and sale of non-AFFF products—and its production of MilSpec AFFF. Instead, the Fourth Circuit erroneously found jurisdiction based on the asserted comingling of MilSpec AFFF and non-AFFF PFAS contamination at particular sites, even though, just like in this case, 3M's production of MilSpec was intentionally and indisputably omitted from the "conduct charged" by the States. Slip op. at 16. But the text of §1442(a)(1) and all prior Supreme and Circuit Court authority applying it plainly require a nexus to exist between the *"<u>conduct charged</u>"* and the alleged federal authority. Resp. Br. 18-34. Indeed, under the new Fourth Circuit view, federal officer jurisdiction would lie over a claim that the defendant injured the plaintiff by running her over with his car, so long as the defendant asserted that some of the injuries for which the plaintiff sought to recover (e.g., reduced motor functioning) could have been partially caused by a product the defendant made for the government. This is not the law, as established by the great weight of authority rejecting federal officer jurisdiction over injury claims for products defendants made for both the government and the private sector, so long as plaintiffs disclaimed the products made by the government as the source of their injury, Resp. Br. at 20-21 & n.4—including the Fourth Circuit's decision in *Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014), which the *Maryland v. 3M* majority labored to distinguish. Slip op. at 16-17.

                    Sincerely,

                    Kenneth A. Sansone
                    Counsel for Appellee State of New Hampshire

cc (via ECF): Counsel of record

4 Park Street, Suite 300
Concord, NH 03301
(603) 227 6929

175 Chestnut Street
San Francisco, CA 94133
(415) 348 8300